Index No. 24-CV-06559 (DG) (VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SALVATORE MAITA,

Plaintiff,

-against-

CITY OF NEW YORK,

Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Second Floor
New York, N.Y. 10007-2601

*Of Counsel:*   Jorge A. Estacio
*Telephone:*    (212) 356-5031

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... iii

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

    A. The COVID-19 Vaccine Mandate and City
       Guidance on Medical Accommodation Request ................................... 2

    B. Reasonable Accommodation Request Procedure
       for City Employees .............................................................................. 3

    C. Petitioner's Request for a Reasonable
       Accommodation from the Vaccine Mandate .......................................... 4

ARGUMENT

    POINT I

    THE COMPLAINT SHOULD BE DISMISSED
    BECAUSE PLAINTIFF'S FEDERAL CLAIMS
    FAIL TO STATE A CAUSE OF ACTION FOR
    WHICH RELIEF MAY BE GRANTED .................................................... 5

    A. Standard of Review ................................................................................ 5

    B. Free Exercise Claim .............................................................................. 6

    C. Establishment Clause Claim .................................................................. 8

    POINT II

    PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS
    FOR FAILURE TO ACCOMMODATE SHOULD
    BE DISMISSED BECAUSE THEY FAIL TO
    STATE A CAUSE OF ACTION FOR WHICH
    RELIEF MAY BE GRANTED ................................................................ 10

    A. Undue Hardship ................................................................................... 11

POINT III

              PLAINTIFF'S NYCHRL CLAIMS FOR FAILURE
TO ENGAGE IN A COOPERATIVE DIALOGUE
SHOULD BE DISMISSED BECAUSE THEY FAIL
TO STATE A CAUSE OF ACTION FOR WHICH
RELIEF MAY BE GRANTED ..................................................................13

CONCLUSION.......................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Pages**

Abdelsayed v. N.Y. Univ.,
  2023 U.S. Dist. LEXIS 126566 (S.D.N.Y. Jul. 24, 2023) ........................................................11

AIG Global Sec. Lending Corp. v Banc of Am. Sec.,
  LLC, 2005 U.S. Dist. LEXIS 21605 (S.D.N.Y. Sep. 26, 2005) .................................................2

Ashcroft v. Iqbal,
  556 U.S. 662 (2009).............................................................................................................5, 6

Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,
  459 U.S. 519 (1983)..................................................................................................................5

Baker v. Home Depot,
  445 F.3d 541 (2d Cir. 2006)....................................................................................................10

Balchan v NY City Hous. Auth.,
  2025 U.S. Dist LEXIS 32836
  (S.D.N.Y. Feb. 24, 2025, No. 21-cv-10326 (JGK))................................................................14

Beickert v. N.Y.C. Dep't of Educ.,
  2023 U.S. Dist. LEXIS 170719 (E.D.N.Y. Sept. 25, 2023).....................................................12

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007)..................................................................................................................5

Berkowitz v. E. Ramapo Cent. Sch. Dist.,
  932 F. Supp. 2d 513 (S.D.N.Y. 2013).......................................................................................8

Brodt v. City of NY,
  4 F. Supp. 3d 562 (S.D.N.Y. 2014) .........................................................................................10

Broecker v NY City Dept. of Educ.,
  585 F. Supp. 3d 299 (E.D.N.Y. 2022) .....................................................................................11

Chinchilla v. N.Y.C. Police Dep't,
  2024 U.S. Dist. LEXIS 123248 (S.D.N.Y. July 12, 2024) ......................................................14

Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah,
  508 U.S. 520 (1993)..................................................................................................................7

Matter of City of Newark,
  469 N.J. Super. 366 (N.J. Sup. Ct. App. Div. 2021)................................................................12

Coleman v. Brokersxpress,
  LLC, 375 Fed. App'x 136 (2d Cir. 2010)..................................................................................6

**Cases**                                                                                                                          **Pages**

D'Cunha v. Northwell health Sys.,
2023 U.S. Dist. LEXIS 33343 (S.D.N.Y. Feb. 28, 2023),
aff'd, 2023 U.S. App. LEXIS 30612 (2d Cir. Nov. 17, 2023) ...................................................12

Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C.,
2023 U.S. Dist. 84888 (S.D.N.Y. May 15, 2023).................................................................12

Dicapua v. City of New York,
2023 NYLJ LEXIS 2465
(Richmond County Sup. Ct. Sept. 6, 2023) ........................................................................14

Elec. Comm. Corp. v. Toshiba Am. Consumer Prods., Inc.,
129 F.3d 240 (2d Cir. 1997)................................................................................................5

In re Elevator Antitrust Litig.,
502 F.3d 47 (2d Cir. 2007)..................................................................................................5

Emilee Carpenter, LLC v. James,
107 F.4th 92 (2d Cir. 2024) ................................................................................................9

Employment Div. v. Smith,
494 U.S. 872 (1990).........................................................................................................7, 8

Fifth Avenue Presbyterian Church v. City of New York,
293 F.3d 570 (2d Cir. 2002)..............................................................................................7, 8

Garland v. N.Y. City Fire Dep't,
574 F. Supp. 3d 120 (E.D.N.Y. 2021),
dismissed, 665 F. Supp. 3d 295 (E.D.N.Y. 2023),
aff'd, 2024 U.S. App. LEXIS 2651 (2d Cir. Feb. 6, 2024)........................................................12

Goldstein v. Pataki,
516 F.3d 50 (2d Cir. 2008)..................................................................................................5

Graves v. Finch Pruyn & Co.,
457 F.3d 181 (2d Cir. 2006)................................................................................................11

Greenbaum v. N.Y. City Transit Auth.,
No. 21-1777, 2022 U.S. App. LEXIS 22589 (2d Cir. Aug. 15, 2022) ....................................10

Kaggen v. IRS,
71 F.3d 1018 (2d Cir 1995).................................................................................................2

**Cases**                                                                                                                                  **Pages**

Kane v. De Blasio,
    623 F. Supp. 3d 339 (S.D.N.Y. 2022),
    *aff'd in part, rev'd on other grds,* 2024 U.S. App. LEXIS 28727
    (2d Cir. Nov. 13, 2024) ....................................................................................6, 7, 8, 9, 11

Kane v. DeBlasio,
    19 F.4th 152 (2d Cir. 2021) ..................................................................... 6-7, 8

Kennedy v. Bremerton Sch. Dist.,
    597 U.S. 507 (2022)................................................................................9

Laguerre v. Nat'l Grid USA,
    No. 20-3901, 2022 U.S. App. LEXIS 6328 (2d Cir. Mar. 1, 2022).................................. 11-12

Lynch v. Bd. of Educ. of. N.Y.,
    2023 NYLJ LEXIS 1815 (Sup. Ct. N.Y. Cnty. 2023) ................................................14

Lynch v. Donnelly,
    465 U.S. 668 (1984)................................................................................8

Matter of Marsteller v. City of NY,
    217 A.D.3d 543 (1st Dep't 2023),
    *lv rearg & lv appeal denied* 2023 NY Slip Op 72547(U) (1st Dep't 2023)..........................14

Marte v. Montefiore Med. Ctr.,
    No. 22-CV-03491-CM, 2022 U.S. Dist. LEXIS 186884
    (S.D.N.Y. Oct. 12, 2022) ..........................................................................10

New Yorkers for Religious Liberty Inc. v. City of New York,
    2024 U.S. App. LEXIS 28727 (2d Cir. Nov. 13, 2024)...........................................6, 9

Okwedy v. Molinari,
    69 Fed. Appx. 482 (2d Cir. 2003)..................................................................7

Papasan v. Allain,
    478 U.S. 265 (1986)................................................................................6

Petersen v. Snohomish Reg'l Fire & Rescue,
    2024 U.S. LEXIS 13749 (W.D. Wash. Jan. 25, 2024) ............................................13

Rizzo v. N.Y.C. Dep't of Sanitation,
    2024 U.S. Dist. LEXIS 116666 (S.D.N.Y. Jul. 2, 2024) ......................................7, 14

Roberts v. Fleury,
    2024 U.S. Dist. LEXIS 50956 (N.D.N.Y, Mar. 22, 2024)..........................................9

**Cases**                                                                                                   **Pages**

Romer v. City of N. Charleston,
   2024 U.S. Dist. LEXIS (D.S.C. Jul 19, 2024) ..................................................................12, 13

Vasquez v. City of New York,
   2024 U.S. Dist. 58731 (E.D.N.Y. Mar. 30, 2024) ..................................................................7

Weir v. United States,
   2018 U.S. Dist. LEXIS 243223 (E.D.N.Y. Feb. 28, 2018)...................................................2

**Statutes**

Fed. R. Civ. P. 8(a)(2)...........................................................................................................5

Fed. R. Civ. P. 12(b)(6)..................................................................................................1, 5, 6

N.Y.C. Admin. Code § 8-107 (28)(a)(1) .............................................................................14

N.Y.C. Admin. Code § 8-107 (28)(e) ..................................................................................14

## PRELIMINARY STATEMENT

Plaintiff Salvatore Maita, a Firefighter formerly employed by the New Yok City Fire Department ("FDNY"), whose employment was terminated for failing to comply with the COVID-19 vaccine employment condition applicable to him (the "Vaccine Mandate"), alleges that Defendant the City of New York[1] ("Defendant") violated the Free Exercise and Establishment Clauses of the First Amendment to the United States Constitution. See Amended Complaint ("Am. Compl."), ECF No. 11. Plaintiff further alleges that, by failing to grant his request for a religious exemption to the Vaccine Mandate, Defendant violated the New York State Human Rights Law ("SHRL") and New York City Human Rights Law ("CHRL").

Because the Second Circuit repeatedly has held that the Vaccine Mandate is neutral and generally applicable and facially constitutional, Plaintiff's constitutional claims fail as a matter of law. Plaintiff also fails to state a claim under the SHRL and CHRL. Accordingly, the Amended Complaint should be dismissed with prejudice for failure to state a claim.

Defendant now respectfully submits this memorandum of law in support of its motion to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff's original Complaint named both the City of New York and FDNY as defendants in the caption and sought punitive damages against Defendants. See ECF No. 1. The Amended Complaint, however, only names the City of New York as a Defendant and withdrew the FDNY as a defendant as well as the claims for punitive damages. See ECF No. 11. Indeed, in Plaintiff's letter response dated November 4, 2024 to Defendants' initial pre-motion conference letter seeking leave to move to dismiss the original Complaint, Plaintiff agreed "to dismiss[] the FDNY as a defendant in this matter, and to withdraw his punitive damages claim." ECF No. 10 at 1.

<u>**STATEMENT OF FACTS**</u>[2]

**A.     The COVID-19 Vaccine Mandate and City Guidance on Medical Accommodation Requests**

On October 20, 2021, then Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH"), Dr. Dave Chokshi, issued an Order requiring all City employees to show proof of at least one dose of vaccination against COVID-19 by 5:00 p.m. on October 29, 2021 (hereafter, "Vaccine Mandate") <u>See</u> Vaccine Mandate, https://www.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-city-employees.pdf [3] (last visited on May 27, 2025). The Vaccine Mandate specifically provided that "Nothing in this Order shall be construed to prohibit any reasonable accommodation otherwise required by law." <u>Id.</u> at ¶ 8.

Additionally, on October 21, 2021, the FDNY Chief of Fire Operations sent Buckslip OPS-21-10-08 (hereafter, "Buckslip") to all fire suppression commands informing employees of the Vaccine Mandate. <u>See</u> Buckslip, dated October 21, 2021, annexed to the Affirmation of Assistant Corporation Counsel Jorge A. Estacio-Carrillo ("Estacio Aff") as Exhibit "A." The Buckslip contained a copy of the entire Vaccine Mandate, FAQs, and New York City Department of Citywide Administrative Services ("DCAS")-issued guidance to City agencies on

---

[2] For the purposes of this motion only, the well-pleaded allegations in the Complaint are deemed true. Allegations that are conclusory, incredible, or contradicted are not entitled to the presumption of truth. <u>Weir v. United States</u>, 2018 U.S. Dist. LEXIS 243223, at *3 (E.D.N.Y. Feb. 28, 2018).

[3] The Court may take judicial notice of the information contained in the cited article. Courts may take judicial notice of matters of common and general knowledge, not doubtful or uncertain. <u>Kaggen v. IRS</u>, 71 F.3d 1018, 1020 (2d Cir 1995). Furthermore, on a Motion to Dismiss, this Court may consider documents referenced in the complaint, even if the pleading fails to attach them. <u>AIG Global Sec. Lending Corp. v Banc of Am. Sec.</u>, LLC, 2005 U.S. Dist. LEXIS 21605, at *6-7 (S.D.N.Y. Sep. 26, 2005).

applying for a Reasonable Accommodation ("RA") from the COVID-19 Vaccine Mandate. Id. The Buckslip stated the following regarding obtaining medical exemptions from the vaccine:

> The New York City Department of Health has indicated that the medical basis for a permanent medical exemption includes: *Documented contraindication* such that an employee cannot receive any FDA-authorized vaccines, with contraindications delineated in CDC clinical considerations for COVID-19 vaccine.
> Id. at p. 22 (emphasis added.).

The Buckslip's guidance incorporated links and references to the Center for Disease Control's ("CDC") guidance with respect to contraindications to and precautions with respect to the COVID-19 vaccination. See Ex. A at 2, 4, 22; see also CDC, "Interim Clinical Considerations for use of COVID-19 Vaccines in the United States," located at https://www.cdc.gov/vaccines/covid-19/clinical-considerations/interim-considerations-us.html#contraindications (last visited on May 26, 2025).

**B.      Reasonable Accommodation Request Procedure for City Employees**

The Buckslip also provided information regarding the timeline in which an FDNY employee could apply for a RA. See Buckslip, at 22-23. Specifically, the Buckslip stated that in order to avoid being placed on leave without pay ("LWOP"), employees seeking to file a RA request "must apply with their agency EEO Officer for an exemption from [the] vaccine requirement no later than October 27, 2021." Id. at 22 (emphasis added.). The Buckslip further stated that "[e]mployees who seek reasonable accommodations from their agencies after October 27, 2021 will be placed on LWOP. . . until the reasonable accommodation is decided, including any appeals." Id. Any employee denied an RA by their agency had the right to appeal that denial to the City of New York Reasonable Accommodation Appeals Panel ("Citywide Panel"). Id. at 23.

**C.       Petitioner's Request for a Reasonable Accommodation from the Vaccine Mandate**

Plaintiff was formerly employed as a Firefighter with the FDNY. Am. Compl. ¶18. Plaintiff alleges, on November 5, 2021, [he] filed for an RA based on his religious belief. Am. Compl. ¶44. Plaintiff identified as Roman Catholic. Am. Compl. ¶45. On the RA application, Plaintiff allegedly "cite[d] his strong opposition to the use of stem cells and abortion-related products in the development and production of COVID-19 vaccines." Am. Compl. ¶48. Other than citing to his opposition to the Covid-19 vaccine, the Amended Complaint does not allege how Plaintiff's religious beliefs impact his practice with regard to any other medical interventions or vaccines. Id. On December 1, 2021, FDNY denied the RA. Am. Compl. ¶49. Plaintiff provides that, in part, FDNY explained "The request for a religious exemption from the vaccine mandate is denied. The asserted basis for the accommodation is insufficient to grant the requested accommodation in light of the potential undue hardship to the Department." Am. Compl. ¶49. The crux of the Amended Complaint is the conclusory allegation that the City of New York has a policy of discriminating against Roman Catholics who applied for religious accommodations to the Vaccine Mandate and/or against individuals who based their accommodation requests on their opposition to the alleged use of aborted fetal cell lines in the development of the Covid-19 vaccine. See Am. Compl., generally. Other than Plaintiff, however, the Amended Complaint does not include any statistics or examples of other Roman Catholics or individuals seeking an accommodation based on opposition to abortion, who purportedly were denied an accommodation request to the Vaccine Mandate based on religious animus. Id.

**ARGUMENT**

**POINT I**

**THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF'S FEDERAL CLAIMS FAIL TO STATE A CAUSE OF ACTION FOR WHICH RELIEF MAY BE GRANTED**

**A.      Standard of Review**

A complaint may be dismissed "for failure [of the pleading] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under this standard, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) ("While Twombly does not require heightened fact pleading of specifics, it does require enough facts to nudge plaintiffs' claims across the line from conceivable to plausible") (quotation marks and alteration omitted). Plaintiff must also "provide the grounds upon which [her] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (quotation marks and citation omitted).

This standard must be read together with the rule that courts may not "assume that the [plaintiffs] can prove facts that [they have] not alleged," Elec. Comm. Corp. v. Toshiba Am. Consumer Prods., Inc., 129 F.3d 240, 243 (2d Cir. 1997) (quoting Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983)), nor "accept as true

a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986) (citation omitted); <u>see</u> <u>also</u> <u>Coleman v. Brokersxpress</u>, LLC, 375 Fed. App'x 136, 137 (2d Cir. 2010) ("Given the absence of specific factual allegations, the complaint does not support the inference that defendants are liable for the misconduct alleged."). Therefore, a complaint should be dismissed pursuant to Rule 12(b)(6) where it fails to plead enough facts to demonstrate plausible entitlement to relief. <u>See</u> <u>Iqbal</u>, 556 U.S. at 680.

**B.      Free Exercise Claim**

To prevail on a Free Exercise Claim, a plaintiff must establish that "the object of [the challenged] law is to infringe upon or restrict practices because of their religious motivation," or that its "purpose… is the suppression of religion or religious conduct." <u>Kane v. De Blasio</u>, 623 F. Supp. 3d 339, 353-54 (S.D.N.Y. 2022), *aff'd in part, rev'd on other grds,* 2024 U.S. App. LEXIS 28727 (2d Cir. Nov. 13, 2024)[4]. The Second Circuit has affirmed that their finding in <u>Kane v. DeBlasio</u>, 19 F.4th 152 (2d Cir. 2021) remains binding law, and thus, the Vaccine Mandate, "in all its iterations" is neutral and generally applicable[5] and is subject to rational basis review. <u>New Yorkers for Religious Liberty Inc. v. City of New York</u>, 2024 U.S. App. LEXIS 28727, at *18 (2d Cir. Nov. 13, 2024) ("We previously determined that the City's Vaccine Mandate, in all its iterations, [wa]s neutral[,] generally applicable,' and facially constitutional under the Free Exercise Clause. That holding from Kane I remains binding…") (quoting <u>Kane</u>,

---

[4] The Second Circuit affirmed the vast majority of Judge Buchwald's decision, including the dismissal of the facial First Amendment challenges and all as-applied challenges by individuals, like the instant Plaintiff, who were denied accommodations on undue hardship grounds. <u>See</u> <u>New Yorkers for Religious Liberty Inc. v. City of New York</u>, 2024 U.S. App. LEXIS 28727, at *17-21, 24-26 (2d Cir. Nov. 13, 2024).

[5] To the extent that Plaintiff attempts to show that unidentified individuals, in unspecified roles, had their religious exemptions granted, this is of no consequence to a free exercise analysis. If anything, it shows that the Mandate was neutral as to religious and non-religious adherents.

19 F.4th at 165). Plaintiff's baseless, conclusory claims to the contrary here fail. See Am. Compl. at ¶¶82-84, 92. The Vaccine Mandate was "a reasonable exercise of the [City's] power to act to protect the public health" during the COVID-19 pandemic and, thus, survives rational basis review. Kane, 19 F.4th at 166. Indeed, "Courts within the circuit have overwhelmingly, if not unanimously, rejected [free exercise] challenges" to the very same Vaccine Mandate at issue here. Rizzo v. N.Y.C. Dep't of Sanitation, 2024 U.S. Dist. LEXIS 116666, at *17-18 (S.D.N.Y. Jul. 2, 2024) (collecting cases). This includes challenges to the Mandate as applied to employees of the FDNY. See Vasquez v. City of New York, 2024 U.S. Dist. 58731, at *28-29 (E.D.N.Y. Mar. 30, 2024).

The Kane decision, of course, was consistent with long-standing precedent, for it is settled that "[i]n order to prevail on a Free Exercise Clause claim, a plaintiff generally must establish that 'the object of [the challenged] law is to infringe upon or restrict practices because of their religious motivation,' or that its 'purpose . . . is the suppression of religion or religious conduct.'" Okwedy v. Molinari, 69 Fed. Appx. 482, 484 (2d Cir. 2003) (citing Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 533 (1993)). "It is not a violation of the Free Exercise Clause to enforce a generally applicable rule, policy or statute that burdens a religious practice as long as the government can 'demonstrate a rational basis for [the] enforcement' of the rule, policy or statute, and the burden is only an incidental effect, rather than the object, of the law." Id. (citing Fifth Avenue Presbyterian Church v. City of New York, 293 F.3d 570, 574 (2d Cir. 2002)); see also Employment Div. v. Smith, 494 U.S. 872, 879 (1990) ("the right of free exercise does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes)") (internal quotations omitted). As such,

"[w]here the government seeks to enforce a law that is neutral and of general applicability . . . it need only demonstrate a rational basis for its enforcement." <u>Fifth Ave. Presbyterian Church v. City of New York</u>, 293 F.3d 570, 574 (2d Cir. 2002); <u>see also</u> <u>Smith</u>, 494 at 879.

Here, Plaintiff's Complaint fails to allege – nor could Plaintiff credibly allege – that the object of the Mandate was to infringe upon their religious beliefs and practices. In fact, the Mandate has been found to be generally applicable and rationally based on protecting the public health of the New York City population. <u>See</u> <u>Kane</u>, 19 F.4th at 163-68. For these reasons, the <u>Kane</u> Court rejected and dismissed the Free Exercise claims against the Vaccine Mandate. Therefore, Plaintiff's free exercise claims fail and should be dismissed

## C.      Establishment Clause Claim

As a separate cause of action, Plaintiff alleges that the Vaccine Mandate has a denominational preference to religions other than Plaintiff's alleged religion of Roman Catholicism and, thus, purportedly violates the Establishment Clause of the First Amendment. Am. Compl. ¶228-260, ECF. No. 11. However, this "is nothing more than a repackaging of Plaintiff['s] free exercise Claims" which, as aforementioned, should be dismissed, because the Mandate is neutral on its face and expresses no denominational preference. <u>Kane</u>, 623 F. Supp. 3d at 358. Plaintiff's establishment clause claim fails in light of the evident secular purpose of the Mandate. <u>See</u> <u>Berkowitz v. E. Ramapo Cent. Sch. Dist.</u>, 932 F. Supp. 2d 513, 523 (S.D.N.Y. 2013) ("A governmental action will only be found to lack a secular purpose where 'there [is] no question that the statute or activity was motivated wholly by religious considerations'")(quoting <u>Lynch v. Donnelly</u>, 465 U.S. 668, 680 (1984)).

Here, Plaintiff alleges "[t]he City's actions created a coercive environment by forcing employees to choose between their sincerely held religious beliefs and continued employment, in violation of the Establishment Clause." Am. Compl. ¶255. Yet no cognizable religious activity

8

is mentioned. Plaintiff fails to allege that the Vaccine Mandate would coerce him into "participation in any religious activity." <u>Emilee Carpenter, LLC v. James,</u> 107 F.4th 92, 111-12 (2d Cir. 2024). Indeed, the Vaccine Mandate was "implemented for solely secular purposes, [and] do[es] not mention, explicitly nor implicitly, religion of any kind." <u>Roberts v. Fleury</u>, 2024 U.S. Dist. LEXIS 50956, at *24 (N.D.N.Y, Mar. 22, 2024) (dismissing Establishment Clause claims opposing masking mandate). Comments made by the former Mayor (Am. Compl. at ¶ 122) are of no relevance, as the Second Circuit has "rejected the assertion that certain government officials' statements purportedly preferring certain faiths were relevant to the neutrality of the Mandate." <u>New Yorkers for Religious Liberty Inc.</u>, 2024 U.S. App. LEXIS 28727, at *19-20. Furthermore, "the Establishment Clause must be interpreted by reference to historical practices and understandings," <u>Kane</u>, 623 F. Supp. 3d at 359-360 (quoting <u>Kennedy v. Bremerton Sch. Dist.</u>, 597 U.S. 507, 510 (2022)). In view of this guidance, the <u>Kane</u> court dismissed Plaintiff's Establishment Clause claims while "not[ing] that there is a long history of vaccination requirements in this country and in this circuit." <u>Id.</u> Therefore, Plaintiff's claims under the Establishment Clause should be dismissed.

Plaintiff's conclusory allegations that the City of New York has a policy of discriminating against Roman Catholics and/or against individuals, who based their accommodation requests on opposition to the alleged use of aborted fetal cell lines in the development of the Covid-19 vaccine, fails to make a plausible claim. Other than bald legal conclusions, Plaintiff does not allege any specific factual enhancement that plausibly establishes that the City of New York applied the Vaccine Mandate with animus. Indeed, Plaintiff cites to no specific written City policy, nor does Plaintiff allege any facts or statistics regarding accommodation requests based on other comparator religions or beliefs. Accordingly, Plaintiff fails to plausibly allege that the

City of New York applied the Vaccine Mandate with religious animus, and her Establishment Clause claim should be denied with prejudice.

**POINT II**

**PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS FOR FAILURE TO ACCOMMODATE SHOULD BE DISMISSED BECAUSE THEY FAIL TO STATE A CAUSE OF ACTION FOR WHICH RELIEF MAY BE GRANTED**

Claims pursuant to the SHRL follow the Title VII framework. See Marte v. Montefiore Med. Ctr., No. 22-CV-03491-CM, 2022 U.S. Dist. LEXIS 186884, at *17 (S.D.N.Y. Oct. 12, 2022); see also Brodt v. City of NY, 4 F. Supp. 3d 562, 572 (S.D.N.Y. 2014). To state a claim for failure to accommodate his religious beliefs under Title VII, Plaintiff must set forth factual allegations demonstrating that 1) she holds a bona fide religious belief that conflicts with an employment requirement; 2) she informed the DOE of her bona fide religious belief; and 3) she was disciplined for failing to comply with the conflicting employment requirement. See Baker v. Home Depot, 445 F.3d 541, 546 (2d Cir. 2006). Claims pursuant to the CHRL have the same standard but are "construed broadly in the plaintiff's favor." Marte, 2022 U.S. Dist. LEXIS 186884 at *19. If a plaintiff establishes a prima facie case, the "employer must offer the employee a reasonable accommodation, unless doing so would cause an undue hardship." See Baker at 546 (internal quotations omitted); see also Greenbaum v. N.Y. City Transit Auth., No. 21-1777, 2022 U.S. App. LEXIS 22589, at *8 (2d Cir. Aug. 15, 2022).

As an initial matter, Plaintiff fails to plausibly establish that he has a bona fide religious belief that conflicts with the Vaccine Mandate. Although Plaintiff alleges that he opposed the Vaccine Mandate based on the Covid-19 vaccine's purported use of fetal cell lines in its development, Plaintiff fails to plead any other facts regarding how his religious belief opposing

10

abortion impacted his practices with regard to other medical interventions and/or vaccines. Without more regarding how his religious beliefs impacted his practice as to other medical interventions, opposing the alleged use of aborted fetal cell lines in the development of Covid-19, alone, does not sufficiently establish that his religious beliefs conflicted with the Vaccine Mandate. Accordingly, Plaintiff fails to meet the first prong of a failure to accommodate claim.

Plaintiff also cannot meet the third prong, as termination for failure to comply with the vaccine mandate does not constitute "discipline". See Broecker v NY City Dept. of Educ., 585 F. Supp. 3d 299, 316-317 (E.D.N.Y. 2022); see also Kane v. De Blasio, 623 F. Supp. 3d 339, 363 (S.D.N.Y. 2022). Thus, any employment actions taken by FDNY, up to and including termination, with respect to employees, such as Plaintiff, who failed to comply with the Vaccine Mandate was not disciplinary action. Plaintiff, therefore, fails to satisfy the third prong of a failure to accommodate claim, and her claim must be dismissed accordingly.

## A.     Undue Hardship

Even if Plaintiff plausibly pled a cause of action for failure to accommodate under NYCHRL and NYSHRL – which he has not – Plaintiff's state and city law claims fail due to an undue hardship on Defendant's operations. Under the SHRL and CHRL, "an employer need not provide an accommodation if it 'impose[s] an undue hardship on the operation of an employer's business." Abdelsayed v. N.Y. Univ., 2023 U.S. Dist. LEXIS 126566, at *29 (S.D.N.Y. Jul. 24, 2023). Plaintiff sought an accommodation which would either allow him to work, unvaccinated, in person, or require Defendant to create an entirely new position for him. See Am. Compl. at ¶¶144, 154, 156. Notably, Plaintiff fails to allege the existence of any open, alternative, role, and it is well established that an employer is not required to provide an accommodation which would obligate them to "create a new position" Graves v. Finch Pruyn & Co., 457 F.3d 181, 187 (2d Cir. 2006); Laguerre v. Nat'l Grid USA, No. 20-3901, 2022 U.S. App. LEXIS 6328, at *5 (2d

11

Cir. Mar. 1, 2022) (Plaintiff, not Defendant, "bears the burden to identify the existence, at or around the time when she sought the accommodation, of an existing vacant position to which she could have been reassigned.").

Additionally, the presence of an unvaccinated individual was a health and safety risk which created an undue hardship. See D'Cunha v. Northwell health Sys., 2023 U.S. Dist. LEXIS 33343, at *7 (S.D.N.Y. Feb. 28, 2023), aff'd, 2023 U.S. App. LEXIS 30612 (2d Cir. Nov. 17, 2023). This is especially true where an individual, like Plaintiff, occupies a role in which they interact with vulnerable populations. See e.g., Beickert v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 170719, at *14 (E.D.N.Y. Sept. 25, 2023); Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C., 2023 U.S. Dist. 84888, at *15 n.7 (S.D.N.Y. May 15, 2023). Firefighters, such as Plaintiff, "interact frequently with members of the public who are in a medical emergency or other vulnerable positions.... Additionally, given the close proximity with which firefighters interact with one another while on duty, in their fire stations and fire houses, the City has a significant interest in ensuring that firefighters have the ability to carry out their task of protecting the public by preventing the transmission of the Coronavirus among its employees." Garland v. N.Y. City Fire Dep't, 574 F. Supp. 3d 120, 133 (E.D.N.Y. 2021), dismissed, 665 F. Supp. 3d 295 (E.D.N.Y. 2023), aff'd, 2024 U.S. App. LEXIS 2651 (2d Cir. Feb. 6, 2024); see also Matter of City of Newark, 469 N.J. Super. 366, 386 (N.J. Sup. Ct. App. Div. 2021) ("[F]irefighters go to or into homes, businesses, and public places daily where they encounter City residents… Many of those residents are children under the age of 12 who d[id] not have the option of getting vaccinated…"); Romer v. City of N. Charleston, 2024 U.S. Dist. LEXIS, at *38 (D.S.C. Jul 19, 2024) (Firefighter "duties require[] close contact with citizens, including… administering CPR

12

and First Aid" and "the majority of the calls firefighters respond to are actually medical calls for accidents or anything that that people could be injured.") (cleaned up).

Additionally, a "relevant consideration [regarding undue hardship] is the number of employees who are seeking a similar accommodation, i.e., the cumulative cost or burden on the employer." What you Should Know about COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws, https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws. (last accessed May 14, 2025). Plaintiff himself admits that there were "thousands" of unvaccinated individual City employees who made "accommodation requests." Am. Compl. at ¶ 190. Thus, granting Plaintiff, and those firefighters like him, exemptions would have created an undue hardship given the aggregate impact. See Petersen v. Snohomish Reg'l Fire & Rescue, 2024 U.S. LEXIS 13749, at *18 (W.D. Wash. Jan. 25, 2024)("[T]hat 46 out of 192 Snohomish firefighters requested an exemption and accommodation increased Snohomish Fire's hardship and the risks associated with accommodating Plaintiff's in their patient-care roles while and working in fire stations."); Romer, 2024 U.S. Dist. LEXIS at *39 ("[A]t least 10% of the City's firefighters applied for a religious exemption from the vaccination mandate and [] had the city granted the[m]… the city would have had to add personnel to track the mask and testing accommodations.").

**POINT III**

**PLAINTIFF'S NYCHRL CLAIMS FOR FAILURE TO ENGAGE IN A COOPERATIVE DIALOGUE SHOULD BE DISMISSED BECAUSE THEY FAIL TO STATE A CAUSE OF ACTION FOR WHICH RELIEF MAY BE GRANTED**

Plaintiff alleges a failure to engage in cooperative dialogue under the CHRL. See Am. Compl. The CHRL states that "[i]t shall be an unlawful discriminatory practice for an employer

[…] to refuse or otherwise fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation" N.Y.C. Admin. Code § 8-107 (28)(a)(1); <u>see also</u> N.Y.C. Admin. Code § 8-107 (28)(e). "The NYCHRL does not require an employer to "give the employee what the employee is demanding." <u>Balchan v NY City Hous. Auth.</u>, 2025 U.S. Dist LEXIS 32836, at \*27 (S.D.N.Y. Feb. 24, 2025, No. 21-cv-10326 (JGK)). Courts have held that the City engaged in a proper cooperative dialogue with employees when it provided information regarding its process for reviewing accommodation requests related to the Vaccine Mandate, and instructed employees how to apply to their agency's Equal Employment Opportunity office, and how to appeal denials. <u>See</u> <u>Chinchilla v. N.Y.C. Police Dep't</u>, 2024 U.S. Dist. LEXIS 123248, at \*35 (S.D.N.Y. July 12, 2024) (citing <u>Matter of Marsteller v. City of NY</u>, 217 A.D.3d 543, 545 (1st Dep't 2023), *lv rearg & lv appeal denied* 2023 NY Slip Op 72547(U) (1st Dep't 2023)). The <u>Marsteller</u> Court held that where individuals availed themselves of this City's reasonable accommodation process and received explanations why their applications were denied, and where the parties further engaged during the administrative appeals process, no further individualized dialogue was required. <u>Id</u>.; <u>see</u> <u>also</u> <u>Lynch v. Bd. of Educ. of. N.Y.</u>, 2023 NYLJ LEXIS 1815 (Sup. Ct. N.Y. Cnty. 2023) (stating respondents offered information on the process for reviewing accommodation requests and thus complied with the CHRL requirement to engage in cooperative dialogue); <u>Dicapua v. City of New York</u>, 2023 NYLJ LEXIS 2465 (Richmond County Sup. Ct. Sept. 6, 2023) (citing the Appellate Division First Department's ruling that "in publicly offering information on its process for reviewing accommodation requests and informing employees on how to submit applications and appeal denials, the City respondents were compliant under CHRL").

Accordingly, Plaintiff's CHRL claim for failure to engage in cooperative dialogue must be dismissed because Plaintiff was informed of how to apply for a religious accommodation to the Vaccine Mandate and he, in fact, applied for an exemption and included a statement in support. Plaintiff concedes he was informed of how to apply for religious accommodation to the vaccine. The Amended Complaint alleges that " [t]he FDNY promulgated a 'Buckslip and Memo' to employees, including Plaintiff, outlining the procedures regarding the City's COVID-19 Vaccine Mandate." Am. Compl. ¶132. The Buckslip contained a copy of the entire Vaccine Mandate, FAQs, DCAS issued guidance to City agencies on applying for an RA from the COVID-19 Vaccine Mandate, and appealing denials. <u>Ex. A.</u> Thus, Defendant met its obligations under the CHRL to engage in the cooperative dialogue with Plaintiff, and Plaintiff's claims to the contrary must be dismissed.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Amended Complaint in its entirety with prejudice and for such other relief as the Court deems proper.

Dated:      New York, New York
           May 27, 2025

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the
City of New York
Attorney for Defendant
100 Church Street, 2nd Floor
New York, New York 10007
(212) 356-5031

By: *Jorge Estacio*
Jorge A. Estacio, Esq.
Assistant Corporation Counsel