24-CV-06559 (DG)(VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SALVATORE MAITA,

Plaintiff,

-against-

CITY OF NEW YORK

Defendant.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

### *MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-317*
*New York, New York  10007*

*Of Counsel:  Jorge A. Estacio*
*Telephone:  (212) 356-5031*
Matter No.: 2024-083956

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT

      POINT I ....................................................................................................... 1

            PLAINTIFF fails to state a federal claim .................................................1

            A.    Free Exercise Claim........................................................ 1

            B.    Establishment Claim ...................................................... 6

      POINT II ..................................................................................................... 6

      plaintiff's NYSHRL and NYCHRL CLAIMS FOR FAILURE TO ACCOMMODATE SHOULD BE DISMISSED ..................................................................................................6

      POINT III.................................................................................................... 9

      PLAINTIFF'S NYCHRL CLAIMS FOR FAILURE TO ENGAGE IN A COOPERATIVE DIALOGUE SHOULD BE DISMISSED ....................................................................................9

CONCLUSION.................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages**

Almodovar v. City of New York,
    208 N.Y.S.3d 850 (Sup. Ct. N.Y. Cnty 2024) ..........................................................................9

Bacon v. Woodard
    104 F.4th 744, 752 (9th Cir. 2024) ........................................................................................5

Chinchilla v. N.Y.C. Police Dep't,
    2024 U.S. Dist. LEXIS 123248 (S.D.N.Y. July 12, 2024) .....................................................9

Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C.,
    No. 22-CV-2929, 2023 U.S. Dist. LEXIS 84888, 2023 WL 3467143
    (S.D.N.Y. May 15, 2023)........................................................................................................8

Furno v. N.Y. City Police Department,
    Index No. 85021/2023 (N.Y. Sup. Ct. Richmond Cnty.)........................................................2

Gardner-Alfred v FRB of NY,
    22-cv-1585 (LJL), 2023 US Dist LEXIS 171012 (S.D.N.Y. Sep. 25, 2023) ......................3, 7

Kane v. De Blasio,
    19 F.4th 152 (2d Cir. 2021) ................................................................................................4, 5

Matter of Marsteller v. City of NY,
    217 AD3d 543 (1st Dept. 2023)..............................................................................................9

Matter of Smith v. NY City Fire Dept.
    2025 N.Y. App. Div. LEXIS 3783, 2025 NY Slip Op 03728,
    (2d Dept. 2025) ......................................................................................................................9

Mumin v. City of NY,
    760 F Supp 3d 28 (S.D.N.Y. 2024) ........................................................................................8

Munim v. City of New York,
    2024 U.S. Dist. LEXIS 228994 (S.D.N.Y. Dec. 17, 2024) .....................................................7

New Yorkers for Religious Liberty, Inc. v. City of New York,
    125 F.4th 319 (2d Cir. Nov. 13, 2024)............................................................................4, 7, 8

O'Leary v. City of New York,
    23 Civ. 5956 (NRB), 2024 US Dist LEXIS 164908 (S.D.N.Y., Sep. 12, 2024) ...............2, 4, 5

| **Cases** | **Pages** |
|---|---|

Rizzo v. NY City Dept. of Sanitation,
   No. 23-CV-7190 (JMF), 2024 U.S. Dist. LEXIS 116666
   (S.D.N.Y. July 2, 2024,) ...................................................................................................8

Russo v. Patchogue-Medford Sch. Dist.,
   No. 22-CV-01569, 2024 U.S. Dist. LEXIS 6908, 2024 WL 149131
   (E.D.N.Y. Jan. 12, 2024),
   aff'd, 129 F.4th 182 (2d Cir. 2025) ...................................................................................7

Vasquez v. City of New York,
   2024 U.S. Dist. LEXIS 142106 (E.D.N.Y. Aug. 9, 2024)........................................................5

We the Patriots USA, Inc. v. Hochul,
   17 F.4th 266 (2d Cir. 2021) ...............................................................................................5

## PRELIMINARY STATEMENT

Plaintiff Salvatore Maita, a Firefighter formerly employed by the New York City Fire Department ("FDNY"), whose employment was terminated for failing to comply with the COVID-19 vaccine employment condition applicable to him (the "Vaccine Mandate"), alleges that Defendant the City of New York ("Defendant") violated the Free Exercise and Establishment Clauses of the First Amendment to the United States Constitution, the New York State Human Rights Law ("SHRL"), and New York City Human Rights Law ("CHRL"). See Amended Complaint ("Am. Compl."), ECF No. 11.

On May 27, 2025, Defendant served its fully-dispositive Motion to Dismiss the Amended Complaint (hereinafter "Def. MTN."). On June 25, 2025, Plaintiff submitted his opposition (hereinafter "Pl. Opp."). For the reasons set forth herein and in Defendant's moving papers, the Court should dismiss the Amended Complaint in its entirety with prejudice.

## ARGUMENT

### POINT I

### PLAINTIFF FAILS TO STATE A FEDERAL CLAIM

**A.    Free Exercise Claim**

In his opposition, Plaintiff concedes that "this case does not present a facial challenge to the City's Vaccine Mandate." Instead, Plaintiff contends in a conclusory manner that Defendant City's policies and practices disfavor Catholics and those whose beliefs do not conform to institutional doctrine. Pl. Opp. at 13. Plaintiff draws entirely from his own conclusory allegations in the Amended Complaint to argue that Defendant improperly applied a "centrality test," in which the City allegedly required a bona fide religious belief to be shared by the Pope and all Catholics, and a "consistency test," which required religious exemptions based on the vaccine's

1

use of aborted fetal cell lines to be consistent with the person's practice toward other medications and medical interventions. Pl. Opp. at 13-18.

Plaintiff's argument fails due to his inability to plausibly plead facts – other than conclusory allegations – that establish the required discriminatory motive by Defendant City. See O'Leary v. City of N.Y., 23 Civ. 5956 (NRB), 2024 US Dist LEXIS 164908, at *17 (S.D.N.Y., Sep. 12, 2024) (dismissing the as-applied Free Exercise claim where "plaintiff at most offers conclusory statements regarding defendant's discriminatory motivation."). Here, Plaintiff does not cite to any specific, written City or FDNY policy that required such "consistency" and "centrality" tests – because there are none. And other than bald legal conclusions that the City misapplied the facially neutral Vaccine Mandate – which facial neutrality is conceded by Plaintiff – Plaintiff fails to plead any factual enhancement whatsoever regarding the application of these purported discriminatory policies and practices. Indeed, the Amended Complaint does not cite to any data or any other individuals who applied for exemptions to the Vaccine Mandate or were denied. Plaintiff's Amended Complaint only cites to himself as an alleged example of discrimination by the City, and even so, he does not plead any facts or statements made by FDNY staff, supervisors, or decisionmakers to infer that the denial of his accommodation was based on any religious discrimination as applied to him. Here the Amended Complaint states that Plaintiff's request was denied due to undue hardship. There is no indication, other than Plaintiff's conclusory allegations, that it was denied due to his beliefs not being universally held by all Catholics or the public position of the Pope.

In his opposition brief, Plaintiff cites to a single other example, an inapposite Article 78 special proceeding brought in state court, Furno v. N.Y. City Police Department, Index No. 85021/2023 (N.Y. Sup. Ct. Richmond Cnty.), which completely misses the mark. Plaintiff cites

to a single argument made by a single attorney in a single brief, which raises the Pope's position on the COVID-19 vaccine, for the proposition that City applied a widespread policy of denying all Catholics exemptions to the Vaccine Mandate based on the Pope's position. But in no way does a single argument in a single brief in a state court Article 78 proceeding equate to a City policy. Plaintiff's argument as to a discriminatory policy by the City falls flat.

As to Plaintiff's argument regarding a purported "consistency test," even if Plaintiff had plausibly pled the existence of such a policy or practice, – he has not – Plaintiff's argument fails to establish a violation of the Free Exercise Clause as a matter of law. In determining whether a religious belief is bona fide, courts look to how a plaintiff's religious belief results in a consistent practice that conflicts with an employment condition, including, for example, in the context of a Covid-19 vaccine mandate, by looking at the plaintiff's practice as to other medications and medical interventions. See Gardner-Alfred v FRB of NY, 22-cv-1585 (LJL), 2023 US Dist LEXIS 171012, at *51 (S.D.N.Y. Sep. 25, 2023) (granting summary judgment against plaintiff as to sincerity of her religious belief where plaintiff objected to Vaccine Mandate, but "there is no evidence that she forewent any such procedures either before or after she was asked to take the Covid-19 vaccine.") Clearly, in determining whether Plaintiff had a sincerely held religious belief, one of the factors of which Defendant was entitled to inquire was whether such belief resulted in a consistent practice as to other medications and interventions. Because, other than bald legal conclusions, Plaintiff has failed to plausibly plead any facts that establish a citywide policy that was discriminatory as applied – or for that matter, any inference of discrimination as applied to Plaintiff's own denial of a religious exemption to the Vaccine Mandate.  Therefore, Plaintiff's Free Exercise claim fails as a matter of law.

3

Plaintiff's reliance on <u>New Yorkers for Religious Liberty, Inc. v. City of New York</u>, 125 F.4th 319 (2d Cir. Nov. 13, 2024) (hereinafter "<u>NYRL</u>"), and <u>Kane v. De Blasio</u>, 19 F.4th 152 (2d Cir. 2021), <u>see</u> Pl. Opp. at 14, are distinguishable and actually support Defendant's assertions. Six out of the eight as-applied challenges by appellants were dismissed at the motion to dismiss stage. <u>See</u> <u>NYRL</u>, 125 F.4th at 334. Like Plaintiff here, those six appellants' accommodation requests were denied due to undue hardship and their claims failed to survive rational basis review. "None of these plaintiffs can make out a constitutional claim for religious discrimination without first making a more-than-conclusory allegation that the finding of undue hardship was erroneous or pretextual.". <u>Id.</u> at 333.

Lastly, in <u>Kane</u>, the Second Circuit made the "**exceedingly narrow**" determination regarding the vaccine mandate's as-applied challenges. <u>Kane</u>, 623 F. Supp. 3d at 351 (quoting <u>Kane</u>, 19 F.4th at 167-68). It remains, "In order to prevail on a Free Exercise Clause claim, a plaintiff generally must establish that 'the object of the challenged law is to infringe upon or restrict practices because of their religious motivation,' or that its 'purpose is the suppression of religion or religious conduct." <u>O'Leary v. City of New York</u>, 2024 U.S. Dist. LEXIS 164908, *13 (S.D.N.Y.  Sept. 12, 2024)(citation modified). Indeed, this has not been established. Moreover, the <u>Kane</u> Court held that the Arbitration Award standards, which granted accommodations only to those beliefs consistent with "recognized and established religious organizations," were not neutral. <u>Id</u>. at 168. Here, however, the Arbitration Award is not at issue, and this policy regarding non-established religious beliefs was not applied to Plaintiff's request. Significantly, Plaintiff does not allege Defendants indicated this was the reason his request was denied.

4

Plaintiff seems to claim that less-restrictive means of reducing the COVID-19 pandemic existed because "the City had mutual aid agreements with outside municipalities that did not have vaccination requirements, as well as volunteer Fire Departments who were not subject to the Vaccine Mandate or any vaccination requirement and were permitted to work unvaccinated." Pl. Opp. at 19. However, Plaintiff's reference to volunteer firefighters and mutual aid agreements with municipalities not subject to the City Order are not sufficient for Plaintiff's claims to survive. See Vasquez v. City of New York, 2024 U.S. Dist. LEXIS 142106, *20 n.9 (E.D.N.Y. Aug. 9, 2024) ("neither the Supreme Court, [the Second Circuit], nor any other court of which we are aware has ever hinted that a law must apply to all people, everywhere, at all times, to be 'generally applicable.' Rather, 'a law can be generally applicable when . . . it applies to an entire class of people") (quoting Kane, 19 F.4th at 166). In addition, the "mere existence of an exemption procedure, absent any showing that secularly motivated conduct could be impermissibly favored over religiously motivated conduct, is not enough to render a law not generally applicable." O'Leary, 2024 U.S. Dist. LEXIS 164908, at *19 (quoting We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 288-89 (2d Cir. 2021)).

Plaintiff's reference to non-binding caselaw under Bacon v. Woodard, is equally unpersuasive due to the highly distinguishable circumstances of the Court's decision on the constitutionality issue. See 104 F.4th 744, 752 (9th Cir. 2024). In Bacon, firefighters challenged their termination for refusing a COVID-19 vaccine mandate, arguing the city's stated health interest was undermined because their replacements (private ambulance contractors and firefighters from other nearby fire departments) were not subject to the same vaccination requirements. See Id. at 748-49. This discrepancy suggested the city's policy might not be genuinely neutral or narrowly tailored to its stated goals, potentially rendering it unconstitutional.

5

See Id. at 752. Here, Plaintiff makes no such plausible claims of similar consequences. Accordingly, the Amended Complaint should be dismissed.

### B.   Establishment Claim

Defendant's motion provides that Plaintiff's establishment clause claim fails in light of the evident secular purpose of the Vaccine Mandate. Def. MTD. at 8-10. In opposition, as with the Free Exercise claim, Plaintiff emphasizes that "[h]e challenges the City's method of adjudicating religious exemptions, which conditions relief on alignment with majority doctrine". Pl. Opp. at 21. In essence, Plaintiff makes the same argument as his Free Exercise Claim, which is that the City purportedly had a policy or practice of denying Catholics an exemption from the Vaccine Mandate because such accommodation requests did not align with the Pope's views. But for the reasons set forth above, other than conclusory legal allegations, Plaintiff fails to sufficiently plead any facts to plausibly establish such a policy for the City, let alone in Plaintiff's own accommodation request before the FDNY. Therefore, the Amended Complaint should be dismissed for failure to state a claim.

### POINT II

### PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS FOR FAILURE TO ACCOMMODATE SHOULD BE DISMISSED

In its moving papers, Defendant argued that due to Plaintiff's failure to allege in the Amended Complaint any facts regarding how his religious beliefs impacted his practice as to other vaccines and medications that make use of aborted fetal cell lines, Plaintiff has failed to plausibly establish that he had a sincerely held religious belief that conflicted with the Vaccine Mandate. Def. MTN. at 11. In opposition, Plaintiff argues that such an inquiry into his practice regarding other medical interventions is improper. But for the reasons set forth in Point I(A), *infra*, courts look to a plaintiff's practice regarding other vaccines and medications when

6

determining whether the plaintiff has a sincerely held religious belief resulting in a practice that conflicts with a vaccine mandate. See Gardner-Alfred, 2023 US Dist LEXIS 171012, at *51.

In addition, Defendant argued in its moving papers that the accommodation sought by Plaintiff, a Firefighter, would cause an undue hardship because it would require "an entirely new position" and "the presence of an unvaccinated individual was a health and safety risk". See Def. MTN. at 11-12; see also Russo v. Patchogue-Medford Sch. Dist., No. 22-CV-01569, 2024 U.S. Dist. LEXIS 6908, 2024 WL 149131, at *5 (E.D.N.Y. Jan. 12, 2024) (citation modified), aff'd, 129 F.4th 182 (2d Cir. 2025) ("A reasonable accommodation can never involve the elimination of an essential function of a job, and a court must give considerable deference to an employer's judgment regarding what functions are essential for service in a particular position."). Plaintiff argues that Defendants cannot meet the burden of proving undue hardship. See Pl. Opp. 9-13. However, Plaintiff's assertions are unpersuasive because they lack critical consideration for the unique circumstances presented by the COVID-19 pandemic and fail to address the crucial service provided by Firefighters. Plaintiff cites to several non-binding cases and distinguishable cases; most of which pre-date the Second Circuit's recent decision in NYRL holding that "the plaintiffs did not plead allegations that contradicted the undue hardship rationale that was identified on the face of the complaint because plaintiffs 'offer[ed] only threadbare conclusions' about how they did not pose a threat to anyone by being unvaccinated." Munim v. City of New York, 2024 U.S. Dist. LEXIS 228994, at *25-26 (S.D.N.Y. Dec. 17, 2024) (quoting NYRL, 121 F.4th at 463).

Here, Plaintiff sought an accommodation which would either allow him to work, unvaccinated, in person, or require Defendant to create an entirely new position for him. See Am. Compl. at ¶¶144, 154, 156. It follows that an "obvious hardship [is] associated with the

7

increased health and safety risk posed to other employees" by allowing plaintiffs to remain at their worksite unvaccinated against COVID-19. See Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C., No. 22-CV-2929, 2023 U.S. Dist. LEXIS 84888, 2023 WL 3467143, at *6 n.7 (S.D.N.Y. May 15, 2023)(Citation modified). Thus, Plaintiff's assertions continue to fall short of a claim for failure to accommodate his religious belief.

Plaintiff argues against Defendant's undue hardship, citing to Rizzo v. NY City Dept. of Sanitation, 2024 U.S. Dist. LEXIS 116666 (S.D.N.Y. July 2, 2024, No. 23-CV-7190 (JMF)). Pl. Opp. 9-10. However, regarding undue hardship, this case is dissimilar to Rizzo, which also predated the Second Circuit's decision in NYRL. In Rizzo, the court denied a motion to dismiss plaintiff's claim against the New York City Department of Sanitation for failure to accommodate his religious exemption from the COVID-19 vaccine mandate. Id. *3. As an initial matter, the court found plaintiff established a prima facie case by alleging belief that if a Catholic "comes to an informed judgment they should not receive a vaccine, then the Catholic Church requires that the person refuse the vaccine" and that plaintiff had "*practiced his faith by declining medical interventions in the past*". Id. (emphasis added). In the instant matter, Plaintiff fails to make any similar assertion of his history denying any vaccine. Moreover, in Rizzo, the court noted that plaintiff's work as a sanitation worker was a "far cry" from that of teachers who "[could not] physically be in the classroom while unvaccinated without presenting a risk to the vulnerable and still primarily unvaccinated student population." Mumin v. City of NY, 760 F Supp 3d 28, 50, n 6 (S.D.N.Y. 2024)(Citing to Rizzo, 2024 U.S. Dist. LEXIS 116666). Thus, the circumstances and work performed by Plaintiff, as a Firefighter, with vulnerable populations is distinguishable with regard to the undue hardship presented.

## POINT III

## PLAINTIFF'S NYCHRL CLAIMS FOR FAILURE TO ENGAGE IN A COOPERATIVE DIALOGUE SHOULD BE DISMISSED

Plaintiff claims that Defendant's cooperative dialogue fails to be "further engaged" as with petitioner's appeal process in Matter of Marsteller v. City of NY, 217 AD3d 543 (1st Dept. 2023). Pl. Opp. at 24. Yet, as established in Defendant's Motion to Dismiss, an appeals process was available to Plaintiff. Def. MTD. at 2-3. Plaintiff does not assert that he took advantage of such appeals process. See Am. Compl. Indeed, Plaintiff does not attest that he was not aware of the appeals process. Id. Thus, Plaintiff cannot, now, take issue with his failure to utilize the opportunity to engage in further dialogue regarding the RA denial.

Equally, Plaintiff's arguments regarding the legislative intent of NYCHRL are to no avail. As highlighted in Marsteller, the "unique circumstances" of the COVID-19 pandemic affected the requirements for a cooperative dialogue. Marsteller, 217 AD3d at 545. Both federal and state courts have held that the City's process of reviewing religious accommodation requests satisfied the CHRL's cooperative dialogue requirement. See Chinchilla v. N.Y.C. Police Dep't, 2024 U.S. Dist. LEXIS 123248, at *33 (S.D.N.Y. July 12, 2024). "To the extent that Plaintiff went through the reasonable accommodation process set up by the City to resolve COVID-19 accommodation requests, the process afforded to Plaintiff was sufficient." Almodovar v. City of New York, 208 N.Y.S.3d 850, at note 3 (Sup. Ct. N.Y. Cnty 2024). Recently, in Matter of Smith v. NY City Fire Dept., the Court found, "the petitioner (Firefighter) failed to demonstrate that the appellants' process for resolving requests for a reasonable accommodation from the vaccine mandate did not meet the requirements of the NYCHRL regarding cooperative dialogue." 2025 N.Y. App. Div. LEXIS 3783, 2025 NY Slip Op 03728, *2 (2d Dept. 2025). Thus, Plaintiff fails

9

to sufficiently allege that Defendant did not meet its obligations under the CHRL to engage in the cooperative dialogue with Plaintiff, and Plaintiff's claims to the contrary must be dismissed.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendant's initial moving papers, the Court should dismiss the Amended Complaint in its entirety with prejudice, and grant Defendant such other and further relief as this Court deems just and proper.

Dated:      New York, New York
August 11, 2025

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the
City of New York
Attorney for Defendant City of New York
100 Church Street, Room 2-315
New York, New York 10007
(212) 356-5031
jestacio@law.nyc.gov

By:      _Jorge Estacio_

Jorge A. Estacio
Assistant Corporation Counsel

10