UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

SALVATORE MAITA,

                                       Plaintiff,

                -against-

CITY OF NEW YORK,

                                  Defendant.

------------------------------------------------------------------------- x

**ANSWER TO COMPLAINT**

1: 24-CV-06559
(DG)(VMS)

Defendant City of New York (the "City") by its attorney, Steven Banks, Corporation Counsel of the City of New York, for its Answer ("Answer") to the Amended Complaint, respectfully alleges as follows:

1. Denies the allegations set forth in paragraph "1" of the Amended Complaint except admits that Plaintiff, Salvatore Maita, ("Plaintiff") was a former firefighter employed by the Fire Department of the City of New York ("FDNY") assigned to Ladder 41.

2. Denies the allegations set forth in paragraph "2" of the Amended Complaint, except admits that on October 20, 2021, the Commissioner of the New York City Department of Health and Mental Hygiene issued an Order requiring all City employees to show proof of at least one dose of vaccination against COVID-19 by 5:00 p.m. on October 29, 2021 (hereinafter "City Order") and that Plaintiff submitted a Request for a Reasonable Accommodation for Religious Observances, Practices or Beliefs dated October 26, 2021; denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's religious beliefs and practices, and respectfully refers the Court to the City Order for a complete and accurate statement of its contents.

3. Denies the allegations set forth in paragraph "3" of the Amended Complaint except admits that Plaintiff was separated from his employment with FDNY on February 13, 2022.

4. Denies the allegations set forth in paragraph "4" of the Amended Complaint.

5. Denies the allegations set forth in paragraph "5" of the Amended Complaint.

6. Denies the allegations set forth in paragraph "6" of the Amended Complaint

7. Denies the allegations set forth in paragraph "7" of the Amended Complaint

8. Denies the allegations set forth in paragraph "8" of the Amended Complaint

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Amended Complaint except admits that Plaintiff reported to FDNY that he resided in Bronx, New York, during his employment with FDNY.

10. Denies the allegations set forth in paragraph "10" of the Amended Complaint except admits that Plaintiff was employed by FDNY in the title of Firefighter from March 7, 2004, until February 13, 2022.

11. Denies the allegations set forth in paragraph "11" of the Amended Complaint insofar as it sets forth an allegation of fact, except admits that Plaintiff was formerly employed by the FDNY from March 7, 2004, until February 13, 2022, and respectfully refers the Court to the statutes referenced therein for a complete and accurate statement of their provisions; insofar as it sets forth a conclusion of law, no response is required.

12. Denies the allegations set forth in paragraph "12" of the Amended Complaint except admits that FDNY is an agency of the City of New York and maintains an office at 9 Metrotech Center, Brooklyn, New York 11201.

13. Denies the allegations set forth in paragraph "13" of the Amended Complaint except admits that Defendant is a municipality organized under the laws of the State of New York and maintains an office at 1 Centre Street, New York, New York 10007, and respectfully refers the Court to the New York City Charter for a complete and accurate statement of the relationship between the City and its agencies.

14. Denies the allegations set forth in paragraph "14" of the Amended Complaint except admits that Plaintiff was formerly employed by FDNY from March 7, 2004, until February 13, 2022, and respectfully refers the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

15. Denies the allegations set forth in paragraph "15" of the Amended Complaint except admits that Defendant City employs more than fifteen individuals.

16. Denies the allegations set forth in paragraph "16" of the Amended Complaint except admits that Plaintiff purports to invoke the Court's jurisdiction as set forth therein, and respectfully refers the Court to the statutes referenced therein for a complete and accurate statement of their provisions.

17. Denies the allegations set forth in paragraph "17" of the Amended Complaint except admits that Plaintiff purports to base venue as set forth therein, and respectfully refers the Court to the statute referenced therein for a complete and accurate statement of its provisions.

18. Denies the allegations set forth in paragraph "18" of the Amended Complaint except admits that Plaintiff was employed by FDNY in the title of Firefighter from March 7, 2004, until February 13, 2022.

19. Denies the allegations set forth in paragraph "19" of the Amended Complaint except admits that Plaintiff's assigned work location at the time of his termination was FDNY Ladder 41 located at 1843 White Plains Road, Bronx, New York 10462.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Amended Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Amended Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Amended Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Amended Complaint.

24. Denies the allegations set forth in paragraph "24" of the Amended Complaint.

25. Denies the allegations set forth in paragraph "25" of the Amended Complaint except admits that the City Order was issued on October 20, 2021.

26. Denies the allegations set forth in paragraph "26" of the Amended Complaint.

27. Denies the allegations set forth in paragraph "27" of the Amended Complaint except admits that Plaintiff was never issued disciplinary charges during his employment at FDNY.

28. Denies the allegations set forth in paragraph "28" of the Amended Complaint except admits that in or about March 2020, New York City confirmed its first case of COVID-19.

29. Denies the allegations set forth in paragraph "29" of the Amended Complaint and respectfully refers the Court to the executive order referenced therein for a complete and accurate statement of its contents.

30. Denies the allegations set forth in paragraph "30" of the Amended Complaint except admits that Plaintiff worked at FDNY until February 13, 2022.

31. Denies the allegations set forth in paragraph "31" of the Amended Complaint except admits that on October 20, 2021, the Commissioner of the New York City Department of Health and Mental Hygiene issued the City Order and respectfully refers the Court to the City Order for a complete and accurate statement of its contents.

32. Denies the allegations set forth in paragraph "32" of the Amended Complaint.

33. Denies the allegations set forth in paragraph "33" of the Amended Complaint and respectfully refers the Court to the City Order for a complete and accurate statement of its contents.

34. Denies the allegations set forth in paragraph "34" of the Amended Complaint.

35. Denies the allegations set forth in paragraph "35" of the Amended Complaint.

36. Denies the allegations set forth in paragraph "36" of the Amended Complaint and respectfully refers the Court to the policy referenced therein for a complete and accurate statement of its contents.

37. Denies the allegations set forth in paragraph "37" of the Amended Complaint and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

38. Denies the allegations set forth in paragraph "38" of the Amended Complaint and respectfully refers Court to the policy referenced therein for a complete and accurate statement of its contents.

39. Denies the allegations set forth in paragraph "39" of the Amended Complaint and respectfully refers Court to the policy referenced therein for a complete and accurate statement of its contents.

40. Denies the allegations set forth in paragraph "40" of the Amended Complaint and respectfully refers Court to the policy referenced therein for a complete and accurate statement of its contents.

41. Denies the allegations set forth in paragraph "41" of the Amended Complaint.

42. Denies the allegations set forth in paragraph "42" of the Amended Complaint.

43. Denies the allegations set forth in paragraph "43" of the Amended Complaint except admits that on or about November 2, 2021, Plaintiff was placed on Leave Without Pay ("LWOP") until he was discontinued on February 13, 2022.

44. Denies the allegations set forth in paragraph "44" of the Amended Complaint except admits that on or about November 5, 2021, Plaintiff submitted to FDNY a "Request for a Reasonable Accommodation for Religious Observances, Practices or Beliefs"

dated November 5, 2021, and respectfully refers the Court to the documents referenced therein for a complete and accurate statement of their contents.

45. Denies the allegations set forth in paragraph "45" of the Amended Complaint except admits that Plaintiff's "Request for a Reasonable Accommodation for Religious Observances, Practices or Beliefs" dated November 5, 2021 identified his religion/creed as Roman Catholic, and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

46. Denies the allegations set forth in paragraph "46" of the Amended Complaint and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

47. Denies the allegations set forth in paragraph "47" of the Amended Complaint and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

48. Denies the allegations set forth in paragraph "48" of the Amended Complaint and respectfully refers the Court to the documents referenced therein for a complete and accurate statement of its contents.

49. Denies the allegations set forth in paragraph "49" of the Amended Complaint except admits that Plaintiff's request to be exempt from the City Order was denied, and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

50. Denies the allegations set forth in paragraph "50" of the Amended Complaint.

51. Denies the allegations set forth in paragraph "51" of the Amended Complaint.

52. Denies the allegations set forth in paragraph "52" of the Amended Complaint.

53. Denies the allegations set forth in paragraph "53" of the Amended Complaint.

54. Denies the allegations set forth in paragraph "54" of the Amended Complaint.

55. Denies the allegations set forth in paragraph "55" of the Amended Complaint.

56. Denies the allegations set forth in paragraph "56" of the Amended Complaint, except admits that some FDNY firefighters' requests for religious accommodations to the Covid-19 Vaccine Mandate were granted.

57. Denies the allegations set forth in paragraph "57" of the Amended Complaint, excepts admit that some firefighters who received exemptions to the Covid-19 Vaccine Mandate worked while submitting PCR testing.

58. Denies the allegations set forth in paragraph "58" of the Amended Complaint, except admits that attorneys in the General Law Unit assisted in the review of reasonable accommodation requests to the Vaccine Mandated, and that the ultimate decision was made by the then-Assistant Commissioner of EEO, Don Nguyen.

59. Denies the allegations set forth in paragraph "59" of the Amended Complaint.

60. Denies the allegations set forth in paragraph "60" of the Amended Complaint.

61. Denies the allegations set forth in paragraph "61" of the Amended Complaint except admits that on October 20, 2021, the Commissioner of the New York City Department of Health and Mental Hygiene issued an Order requiring all City employees to show proof of at least one dose of vaccination against COVID-19 by 5:00 p.m. on October 29, 2021. and respectfully refers the Court to the City Order for a complete and accurate statement of its contents.

62. Denies the allegations set forth in paragraph "62" of the Amended Complaint except admits that on October 20, 2021, the Commissioner of the New York City Department of Health and Mental Hygiene issued an Order requiring all City employees to show proof of at least one dose of vaccination against COVID-19 by 5:00 p.m. on October 29, 2021. and respectfully refers the Court to the City Order for a complete and accurate statement of its contents.

63. Denies the allegations set forth in paragraph "63" of the Amended Complaint.

64. Denies the allegations set forth in paragraph "64" of the Amended Complaint.

65. Denies the allegations set forth in paragraph "65" of the Amended Complaint.

66. Denies the allegations set forth in paragraph "66" of the Amended Complaint.

67. Denies the allegations set forth in paragraph "67" of the Amended Complaint.

68. Denies the allegations set forth in paragraph "68" of the Amended Complaint.

69. Denies the allegations set forth in paragraph "69" of the Amended Complaint.

70. Denies the allegations set forth in paragraph "70" of the Amended Complaint.

71. Denies the allegations set forth in paragraph "71" of the Amended Complaint.

72. Denies the allegations set forth in paragraph "72" of the Amended Complaint.

73. Denies the allegations set forth in paragraph "73" of the Amended Complaint.

74. Denies the allegations set forth in paragraph "74" of the Amended Complaint.

75. Denies the allegations set forth in paragraph "75" of the Amended Complaint.

76. Denies the allegations set forth in paragraph "76" of the Amended Complaint.

77. Denies the allegations set forth in paragraph "77" of the Amended Complaint.

78. Denies the allegations set forth in paragraph "78" of the Amended Complaint.

79. Denies the allegations set forth in paragraph "79" of the Amended Complaint.

80. Denies the allegations set forth in paragraph "80" of the Amended Complaint.

81. Denies the allegations set forth in paragraph "81" of the Amended Complaint.

82. Denies the allegations set forth in paragraph "82" of the Amended Complaint.

83. Denies the allegations set forth in paragraph "83" of the Amended Complaint.

84. Denies the allegations set forth in paragraph "84" of the Amended Complaint.

85. Denies the allegations set forth in paragraph "85" of the Amended Complaint.

86. Denies the allegations set forth in paragraph "86" of the Amended Complaint.

87. Denies the allegations set forth in paragraph "87" of the Amended Complaint.

88. Denies the allegations set forth in paragraph "88" of the Amended Complaint.

89. Denies the allegations set forth in paragraph "89" of the Amended Complaint.

90. Denies the allegations set forth in paragraph "90" of the Amended Complaint.

91. Denies the allegations set forth in paragraph "91" of the Amended Complaint.

92. Denies the allegations set forth in paragraph "92" of the Amended Complaint.

93. Paragraph "93" of the Amended Complaint consists of legal conclusions to which no responsive pleading in required.

94. Denies the allegations set forth in paragraph "94" of the Amended Complaint.

95. Denies the allegations set forth in paragraph "95" of the Amended Complaint.

96. Denies the allegations set forth in paragraph "96" of the Amended Complaint.

97. Denies the allegations set forth in paragraph "97" of the Amended Complaint.

98. Denies the allegations set forth in paragraph "98" of the Amended Complaint.

99. Denies the allegations set forth in paragraph "99" of the Amended Complaint.

100.     Denies the allegations set forth in paragraph "100" of the Amended Complaint.

101.     Denies the allegations set forth in paragraph "101" of the Amended Complaint.

102.     Denies the allegations set forth in paragraph "102" of the Amended Complaint.

103.     Denies the allegations set forth in paragraph "103" of the Amended Complaint.

104.     Denies the allegations set forth in paragraph "104" of the Amended Complaint.

105.     Denies the allegations set forth in paragraph "105" of the Amended Complaint.

106.     Denies the allegations set forth in paragraph "106" of the Amended Complaint.

107.     Denies the allegations set forth in paragraph "107" of the Amended Complaint.

108.     Denies the allegations set forth in paragraph "108" of the Amended Complaint.

109.     Denies the allegations set forth in paragraph "109" of the Amended Complaint.

110.     Denies the allegations set forth in paragraph "110" of the Amended Complaint.

111.     Denies the allegations set forth in paragraph "111" of the Amended Complaint.

112.     Denies the allegations set forth in paragraph "112" of the Amended Complaint.

113.     Denies the allegations set forth in paragraph "113" of the Amended Complaint.

114.     Denies the allegations set forth in paragraph "114" of the Amended Complaint.

115.     Denies the allegations set forth in paragraph "115" of the Amended Complaint.

116.     Denies the allegations set forth in paragraph "116" of the Amended Complaint.

117.     Denies the allegations set forth in paragraph "117" of the Amended Complaint.

118.     Denies the allegations set forth in paragraph "118" of the Amended Complaint.

119.     Denies the allegations set forth in paragraph "119" of the Amended Complaint.

120.     Denies the allegations set forth in paragraph "120" of the Amended Complaint.

121.     Denies the allegations set forth in paragraph "121" of the Amended Complaint.

122.     Denies the allegations set forth in paragraph "122" of the Amended Complaint and respectfully refers the Court to the transcript referenced therein for a complete and accurate statement of its contents.

123.     Denies the allegations set forth in paragraph "123" of the Amended Complaint and respectfully refers the Court to the transcript referenced therein for a complete and accurate statement of its contents.

124.     Denies the allegations set forth in paragraph "124" of the Amended Complaint.

125.     Denies the allegations set forth in paragraph "125" of the Amended Complaint.

126.     Denies the allegations set forth in paragraph "126" of the Amended Complaint.

127.     Denies the allegations set forth in paragraph "127" of the Amended Complaint except admits that FDNY issued Plaintiff a termination letter dated February 11, 2022, and respectfully refers the Court to the notice referenced therein for a complete and accurate statement of its contents.

128.     Denies the allegations set forth in paragraph "128" of the Amended Complaint except admits that Plaintiff was separated from his employment with FDNY on February 13, 2022.

129.     Denies the allegations set forth in paragraph "129" of the Amended Complaint.

130.    Denies the allegations set forth in paragraph "130" of the Amended Complaint except admits that some FDNY employees granted accommodations in relation to the City Order were subject to weekly COVID-19 testing and mask wearing.

131.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the Amended Complaint, except admits that FDNY granted six religious exemption to individuals employed under Firefighter titles consisting of two firefighters, one Lieutenant, two Captains, and one Battalion Chief .

132.    Denies the allegations set forth in paragraph "132" of the Amended Complaint and respectfully refers Court to the document referenced therein for a complete and accurate statement of its contents.

133.    Denies the allegations set forth in paragraph "133" of the Amended Complaint and respectfully refers Court to the document referenced therein for a complete and accurate statement of its contents.

134.    Denies the allegations set forth in paragraph "134" of the Amended Complaint and respectfully refers Court to the document referenced therein for a complete and accurate statement of its contents.

135.    Denies the allegations set forth in paragraph "135" of the Amended Complaint.

136.    Denies the allegations set forth in paragraph "136" of the Amended Complaint, except admits that some firefighters requests for religious accommodations to the Covid-19 Vaccine Mandate were granted.

137.    Denies the allegations set forth in paragraph "137" of the Amended Complaint.

138.    Denies the allegations set forth in paragraph "138" of the Amended Complaint.

139.    Denies the allegations set forth in paragraph "139" of the Amended Complaint.

140.    Denies the allegations set forth in paragraph "140" of the Amended Complaint except admits that as of December 27, 2022, FDNY had granted 36 reasonable accommodation requests related to the City Order for Fire Operations Members, and that 30 of those were made for medical reasons and six were for religious reasons.

141.    Denies the allegations set forth in paragraph "141" of the Amended Complaint except admits that some FDNY employees granted accommodations in relation to the City Order were subject to weekly COVID-19 testing and mask wearing.

142.    Denies the allegations set forth in paragraph "142" of the Amended Complaint except admits that some FDNY employees granted accommodations in relation to the City Order.

143.    Denies the allegations set forth in paragraph "143" of the Amended Complaint except admits that some New York City Police Department ("NYPD") employees were granted accommodations in relation to the City Order.

144.    Denies the allegations set forth in paragraph "144" of the Amended Complaint.

145.    Denies the allegations set forth in paragraph "145" of the Amended Complaint.

146.    Denies the allegations set forth in paragraph "146" of the Amended Complaint.

147. Denies the allegations set forth in paragraph "147" of the Amended Complaint and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

148. Denies the allegations set forth in paragraph "148" of the Amended Complaint and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

149. Denies the allegations set forth in paragraph "149" of the Amended Complaint and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

150. Denies the allegations set forth in paragraph "150" of the Amended Complaint and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

151. Denies the allegations set forth in paragraph "151" of the Amended Complaint and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

152. Denies the allegations set forth in paragraph "152" of the Amended Complaint.

153. Denies the allegations set forth in paragraph "153" of the Amended Complaint and respectfully refers the Court to the policy referenced therein for a complete and accurate statement of its contents.

154. Denies the allegations set forth in paragraph "154" of the Amended Complaint.

155.     Denies the allegations set forth in paragraph "155" of the Amended Complaint.

156.     Denies the allegations set forth in paragraph "156" of the Amended Complaint.

157.     Denies the allegations set forth in paragraph "157" of the Amended Complaint.

158.     Denies the allegations set forth in paragraph "158" of the Amended Complaint.

159.     Denies the allegations set forth in paragraph "159" of the Amended Complaint.

160.     Denies the allegations set forth in paragraph "160" of the Amended Complaint and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

161.     Denies the allegations set forth in paragraph "161" of the Amended Complaint and respectfully refers the Court to the document referenced therein for a complete and accurate statement of its contents.

162.     Denies the allegations set forth in paragraph "162" of the Amended Complaint except admits that on February 9, 2023, the City Order was amended, and respectfully refers the Court to the amended City Order for a complete and accurate statement of its contents.

163.     Denies the allegations set forth in paragraph "163" of the Amended Complaint.

164.    Denies the allegations set forth in paragraph "164" of the Amended Complaint except admits that on February 17, 2023, Plaintiff submitted his reinstatement form and refused to sign the corresponding waiver.

165.    Denies the allegations set forth in paragraph "165" of the Amended Complaint except admits that on February 17, 2023, Plaintiff submitted his reinstatement form and refused to sign the corresponding waiver.

166.    Denies the allegations set forth in paragraph "166" of the Amended Complaint.

167.    Denies the allegations set forth in paragraph "167" of the Amended Complaint.

168.    Denies the allegations set forth in paragraph "168" of the Amended Complaint.

169.    Denies the allegations set forth in paragraph "169" of the Amended Complaint.

170.    Denies the allegations set forth in paragraph "170" of the Amended Complaint.

171.    In response to paragraph "171" of Amended Complaint Defendant repeats and realleges its responses to paragraphs "1" through "170" of the Amended Complaint, as if fully set forth here.

172.    Paragraph "172" of the Amended Complaint sets forth a conclusion of law for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "172" of the Amended Complaint, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

173.     Denies the allegations set forth in paragraph "173" of the Amended Complaint.

174.     Denies the allegations set forth in paragraph "174" of the Amended Complaint.

175.     Denies the allegations set forth in paragraph "175" of the Amended Complaint.

176.     Denies the allegations set forth in paragraph "176" of the Amended Complaint.

177.     Denies the allegations set forth in paragraph "177" of the Amended Complaint.

178.     Denies the allegations set forth in paragraph "178" of the Amended Complaint.

179.     Denies the allegations set forth in paragraph "179" of the Amended Complaint.

180.     Denies the allegations set forth in paragraph "180" of the Amended Complaint.

181.     Denies the allegations set forth in paragraph "181" of the Amended Complaint.

182.     Denies the allegations set forth in paragraph "182" of the Amended Complaint.

183.     Denies the allegations set forth in paragraph "183" of the Amended Complaint.

184. Denies the allegations set forth in paragraph "184" of the Amended Complaint.

185. Denies the allegations set forth in paragraph "185" of the Amended Complaint and respectfully refers the Court to the City Order referenced therein for a complete and accurate statement of its contents.

186. Denies the allegations set forth in paragraph "186" of the Amended Complaint except admits that as of January 11, 2022, FDNY had approved approximately 105 reasonable accommodation requests related to the City Order.

187. Denies the allegations set forth in paragraph "187" of the Amended Complaint.

188. Denies the allegations set forth in paragraph "188" of the Amended Complaint.

189. Denies the allegations set forth in paragraph "189" of the Amended Complaint except admits that some FDNY employees granted accommodations in relation to the City Order were subject to weekly COVID-19 testing and mask wearing.

190. Denies the allegations set forth in paragraph "190" of the Amended Complaint.

191. Denies the allegations set forth in paragraph "191" of the Amended Complaint.

192. Denies the allegations set forth in paragraph "192" of the Amended Complaint.

193. Denies the allegations set forth in paragraph "193" of the Amended Complaint.

194.     Denies the allegations set forth in paragraph "194" of the Amended Complaint.

195.     Denies the allegations set forth in paragraph "195" of the Amended Complaint.

196.     Denies the allegations set forth in paragraph "196" of the Amended Complaint.

197.     Denies the allegations set forth in paragraph "197" of the Amended Complaint.

198.     Denies the allegations set forth in paragraph "198" of the Amended Complaint.

199.     Denies the allegations set forth in paragraph "199" of the Amended Complaint.

200.     Denies the allegations set forth in paragraph "200" of the Amended Complaint.

201.     Denies the allegations set forth in paragraph "201" of the Amended Complaint.

202.     Denies the allegations set forth in paragraph "202" of the Amended Complaint.

203.     Denies the allegations set forth in paragraph "203" of the Amended Complaint.

204.     Denies the allegations set forth in paragraph "204" of the Amended Complaint.

205.     Denies the allegations set forth in paragraph "205" of the Amended Complaint.

206.     Denies the allegations set forth in paragraph "206" of the Amended Complaint.

207.     Denies the allegations set forth in paragraph "207" of the Amended Complaint.

208.     Denies the allegations set forth in paragraph "208" of the Amended Complaint.

209.     Denies the allegations set forth in paragraph "209" of the Amended Complaint.

210.     Denies the allegations set forth in paragraph "210" of the Amended Complaint.

211.     Denies the allegations set forth in paragraph "211" of the Amended Complaint.

212.     Denies the allegations set forth in paragraph "212" of the Amended Complaint.

213.     Denies the allegations set forth in paragraph "213" of the Amended Complaint.

214.     Denies the allegations set forth in paragraph "214" of the Amended Complaint.

215.     Denies the allegations set forth in paragraph "215" of the Amended Complaint.

216. Denies the allegations set forth in paragraph "216" of the Amended Complaint.

217. Denies the allegations set forth in paragraph "217" of the Amended Complaint.

218. Denies the allegations set forth in paragraph "218" of the Amended Complaint.

219. Denies the allegations set forth in paragraph "219" of the Amended Complaint.

220. Denies the allegations set forth in paragraph "220" of the Amended Complaint.

221. Denies the allegations set forth in paragraph "221" of the Amended Complaint.

222. Denies the allegations set forth in paragraph "222" of the Amended Complaint.

223. Denies the allegations set forth in paragraph "223" of the Amended Complaint.

224. Denies the allegations set forth in paragraph "224" of the Amended Complaint.

225. Denies the allegations set forth in paragraph "225" of the Amended Complaint.

226. Denies the allegations set forth in paragraph "226" of the Amended Complaint, and respectfully refers the Court to the statute and case referenced therein for a complete and accurate statement of their contents.

227.    Denies the allegations set forth in paragraph "227" of the Amended Complaint.

228.    In response to paragraph "228" of Amended Complaint Defendant repeats and realleges its responses to paragraphs "1" through "227" of the Amended Complaint, as if fully set forth here.

229.    Denies the allegations set forth in paragraph "229" of the Amended Complaint.

230.    Denies the allegations set forth in paragraph "230" of the Amended Complaint.

231.    Denies the allegations set forth in paragraph "231" of the Amended Complaint.

232.    Denies the allegations set forth in paragraph "232" of the Amended Complaint.

233.    Denies the allegations set forth in paragraph "233" of the Amended Complaint.

234.    Denies the allegations set forth in paragraph "234" of the Amended Complaint.

235.    Denies the allegations set forth in paragraph "235" of the Amended Complaint.

236.    Denies the allegations set forth in paragraph "236" of the Amended Complaint.

237.    Denies the allegations set forth in paragraph "237" of the Amended Complaint.

238. Denies the allegations set forth in paragraph "238" of the Amended Complaint.

239. Denies the allegations set forth in paragraph "239" of the Amended Complaint.

240. Denies the allegations set forth in paragraph "240" of the Amended Complaint.

241. Denies the allegations set forth in paragraph "241" of the Amended Complaint.

242. Denies the allegations set forth in paragraph "242" of the Amended Complaint.

243. Denies the allegations set forth in paragraph "243" of the Amended Complaint.

244. Denies the allegations set forth in paragraph "244" of the Amended Complaint.

245. Denies the allegations set forth in paragraph "245" of the Amended Complaint.

246. Denies the allegations set forth in paragraph "246" of the Amended Complaint.

247. Denies the allegations set forth in paragraph "247" of the Amended Complaint.

248. Denies the allegations set forth in paragraph "248" of the Amended Complaint.

249.    Denies the allegations set forth in paragraph "249" of the Amended Complaint.

250.    Denies the allegations set forth in paragraph "250" of the Amended Complaint.

251.    Denies the allegations set forth in paragraph "251" of the Amended Complaint.

252.    Denies the allegations set forth in paragraph "252" of the Amended Complaint.

253.    Denies the allegations set forth in paragraph "253" of the Amended Complaint.

254.    Denies the allegations set forth in paragraph "254" of the Amended Complaint.

255.    Denies the allegations set forth in paragraph "255" of the Amended Complaint.

256.    Denies the allegations set forth in paragraph "256" of the Amended Complaint.

257.    Denies the allegations set forth in paragraph "257" of the Amended Complaint.

258.    Denies the allegations set forth in paragraph "258" of the Amended Complaint.

259.    Denies the allegations set forth in paragraph "259" of the Amended Complaint.

260.	Denies the allegations set forth in paragraph "260" of the Amended Complaint.

261.	In response to paragraph "261" of Amended Complaint Defendant repeats and realleges its responses to paragraphs "1" through "260" of the Amended Complaint, as if fully set forth here.

262.	Denies the allegations set forth in paragraph "262" of the Amended Complaint, and
respectfully refers the Court to the statute referenced therein for a complete and accurate statement of its provisions.

263.	Paragraph "263" of the Amended Complaint sets forth a conclusion of law for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "263" of the Amended Complaint, and respectfully refers the Court to the statute referenced therein for a complete and accurate statement of its provisions.

264.	Denies the allegations set forth in paragraph "264" of the Amended Complaint.

265.	Denies the allegations set forth in paragraph "265" of the Amended Complaint.

266.	Denies the allegations set forth in paragraph "266" of the Amended Complaint, except admit that the City Order applied to Plaintiff.

267.	Denies the allegations set forth in paragraph "267" of the Amended Complaint.

268. Denies the allegations set forth in paragraph "268" of the Amended Complaint and respectfully refers the Court to the City Order referenced therein for a complete and accurate statement of its contents.

269. Denies the allegations set forth in paragraph "269" of the Amended Complaint except admits that a process was established for Defendant's employees to seek reasonable accommodations to the City Order.

270. Denies the allegations set forth in paragraph "270" of the Amended Complaint.

271. Denies the allegations set forth in paragraph "271" of the Amended Complaint except admits that Plaintiff's request to be exempt from the City Order was denied.

272. Denies the allegations set forth in paragraph "272" of the Amended Complaint.

273. Paragraph "273" of the Amended Complaint sets forth a conclusion of law for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "273" of the Amended Complaint, and respectfully refers the Court to the statute referenced therein for a complete and accurate statement of its contents.

274. Denies the allegations set forth in paragraph "274" of the Amended Complaint.

275. Denies the allegations set forth in paragraph "275" of the Amended Complaint.

276. Denies the allegations set forth in paragraph "276" of the Amended Complaint.

277.    Denies the allegations set forth in paragraph "277" of the Amended Complaint.

278.    Denies the allegations set forth in paragraph "278" of the Amended Complaint.

279.    Denies the allegations set forth in paragraph "279" of the Amended Complaint.

280.    Denies the allegations set forth in paragraph "280" of the Amended Complaint except admits that some FDNY employees granted accommodations in relation to the City Order were subject to weekly COVID-19 testing and mask wearing.

281.    Denies the allegations set forth in paragraph "281" of the Amended Complaint except admits that some FDNY employees granted accommodations in relation to the City Order were subject to weekly COVID-19 testing and mask wearing.

282.    Denies the allegations set forth in paragraph "282" of the Amended Complaint.

283.    Denies the allegations set forth in paragraph "283" of the Amended Complaint except admits that some City employees granted accommodations in relation to the City Order were subject to weekly COVID-19 testing and mask wearing.

284.    Denies the allegations set forth in paragraph "284" of the Amended Complaint except admits that some NYPD employees were granted accommodations in relation to the City Order.

285.    Denies the allegations set forth in paragraph "285" of the Amended Complaint.

286.    Denies the allegations set forth in paragraph "286" of the Amended Complaint.

287.    Denies the allegations set forth in paragraph "287" of the Amended Complaint.

288.    Denies the allegations set forth in paragraph "288" of the Amended Complaint.

289.    Denies the allegations set forth in paragraph "289" of the Amended Complaint.

290.    Denies the allegations set forth in paragraph "290" of the Amended Complaint.

291.    Denies the allegations set forth in paragraph "291" of the Amended Complaint.

292.    Denies the allegations set forth in paragraph "292" of the Amended Complaint.

293.    Denies the allegations set forth in paragraph "293" of the Amended Complaint.

294.    Denies the allegations set forth in paragraph "294" of the Complaint.

295.    Denies the allegations set forth in paragraph "295" of the Amended Complaint.

296.    Denies the allegations set forth in paragraph "296" of the Amended Complaint.

297.    Denies the allegations set forth in paragraph "297" of the Amended Complaint.

298.    Denies the allegations set forth in paragraph "298" of the Amended Complaint.

299.    Denies the allegations set forth in paragraph "299" of the Amended Complaint.

300.    Denies the allegations set forth in paragraph "300" of the Amended Complaint.

301.    Denies the allegations set forth in paragraph "301" of the Amended Complaint.

302.    Denies the allegations set forth in paragraph "302" of the Amended Complaint.

303.    Denies the allegations set forth in paragraph "303" of the Amended Complaint.

304.    Denies the allegations set forth in paragraph "304" of the Amended Complaint.

305.    Denies the allegations set forth in paragraph "305" of the Amended Complaint.

306.    Denies the allegations set forth in paragraph "306" of the Amended Complaint.

307.    Denies the allegations set forth in paragraph "307" of the Amended Complaint.

308.    Denies the allegations set forth in paragraph "308" of the Amended Complaint.

309.     Denies the allegations set forth in paragraph "309" of the Amended Complaint.

310.     Denies the allegations set forth in paragraph "310" of the Amended Complaint.

311.     Denies the allegations set forth in paragraph "311" of the Amended Complaint.

312.     Denies the allegations set forth in paragraph "312" of the Amended Complaint.

313.     Denies the allegations set forth in paragraph "313" of the Amended Complaint and respectfully refers the Court to the statute referenced therein for a complete and accurate statement of its contents.

314.     In response to paragraph "314" of Amended Complaint Defendant repeats and realleges its responses to paragraphs "1" through "313" of the Amended Complaint, as if fully set forth here.

315.     Denies the allegations set forth in paragraph "315" of the Amended Complaint, and respectfully refers the Court to the statute referenced therein for a complete and accurate statement of its contents.

316.     Paragraph "316" of the Amended Complaint sets forth a conclusion of law for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "316" of the Amended Complaint, and respectfully refers the Court to the statute referenced therein for a complete and accurate statement of its contents.

317.    Paragraph "317" of the Amended Complaint sets forth a conclusion of law for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "317" of Amended the Complaint, and respectfully refers the Court to the statute referenced therein for a complete and accurate statement of its contents.

318.    Paragraph "318" of the Amended Complaint sets forth a conclusion of law for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "318" of the Amended Complaint, and respectfully refers the Court to the regulation referenced therein for a complete and accurate statement of its contents.

319.    Denies the allegations set forth in paragraph "319" of the Amended Complaint except admits that Plaintiff was employed by FDNY in the title of Firefighter from March 7, 2004, until February 13, 2022.

320.    Denies the allegations set forth in paragraph "320" of the Amended Complaint.

321.    Denies the allegations set forth in paragraph "321" of the Amended Complaint and respectfully refers the Court to the City Order for a complete and accurate statement of its contents.

322.    Denies the allegations set forth in paragraph "322" of the Amended Complaint except admits that on or about November 5, 2021, Plaintiff submitted to FDNY a "Request for a Reasonable Accommodation for Religious Observances, Practices or Beliefs" dated November 5, 2021.

323.    Denies the allegations set forth in paragraph "323" of the Amended Complaint.

324.    Denies the allegations set forth in paragraph "324" of the Amended Complaint.

325.    Denies the allegations set forth in paragraph "325" of the Amended Complaint.

326.    Denies the allegations set forth in paragraph "326" of the Amended Complaint.

327.    Denies the allegations set forth in paragraph "327" of the Amended Complaint.

328.    Denies the allegations set forth in paragraph "328" of the Amended Complaint except admits that Plaintiff's request to be exempt from the City Order was denied.

329.    Denies the allegations set forth in paragraph "329" of the Amended Complaint except admits that Plaintiff's request to be exempt from the City Order was denied.

330.    Denies the allegations set forth in paragraph "330" of the Amended Complaint.

331.    Denies the allegations set forth in paragraph "331" of the Amended Complaint.

332.    Denies the allegations set forth in paragraph "332" of the Amended Complaint.

333.    Denies the allegations set forth in paragraph "333" of the Amended Complaint.

334.     Denies the allegations set forth in paragraph "334" of the Amended Complaint.

335.     Denies the allegations set forth in paragraph "335" of the Amended Complaint.

336.     Denies the allegations set forth in paragraph "336" of the Amended Complaint.

337.     Denies the allegations set forth in paragraph "337" of the Amended Complaint.

338.     Denies the allegations set forth in paragraph "338" of the Amended Complaint.

339.     Denies the allegations set forth in paragraph "339" of the Amended Complaint.

340.     Denies the allegations set forth in paragraph "340" of the Amended Complaint.

341.     Denies the allegations set forth in paragraph "341" of the Amended Complaint.

342.     Denies the allegations set forth in paragraph "342" of the Complaint.

343.     Denies the allegations set forth in paragraph "343" of the Amended Complaint.

344.     Denies the allegations set forth in paragraph "344" of the Amended Complaint except admits that Plaintiff was separated from his employment with FDNY on February 13, 2022.

345.     Denies the allegations set forth in paragraph "345" of the Amended Complaint.

346.     Denies the allegations set forth in paragraph "346" of the Amended Complaint and respectfully refers the Court to the policy referenced therein for a complete and accurate statement of its contents.

347.     Denies the allegations set forth in paragraph "347" of the Amended Complaint.

348.     Denies the allegations set forth in paragraph "348" of the Amended Complaint.

349.     Denies the allegations set forth in paragraph "349" of the Amended Complaint.

350.     Denies the allegations set forth in paragraph "350" of the Amended Complaint.

351.     Denies the allegations set forth in paragraph "351" of the Amended Complaint.

352.     Denies the allegations set forth in paragraph "352" of the Amended Complaint.

353.     Denies the allegations set forth in paragraph "353" of the Amended Complaint.

354.     Denies the allegations set forth in paragraph "354" of the Amended Complaint.

355.     Denies the allegations set forth in paragraph "355" of the Amended Complaint.

356.    Denies the allegations set forth in paragraph "356" of the Amended Complaint.

357.    Denies the allegations set forth in paragraph "357" of the Amended Complaint.

358.    Denies the allegations set forth in paragraph "358" of the Amended Complaint.

359.    Denies the allegations set forth in paragraph "359" of the Amended Complaint and respectfully refers the Court to the statute referenced therein for a complete and accurate statement of its contents.

360.    In response to paragraph "360" of Amended Complaint Defendant repeats and realleges its responses to paragraphs 1" through "359" of the Amended Complaint, as if fully set forth here.

361.    Paragraph "361" of the Amended Complaint sets forth a conclusion of law for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "361" of the Amended Complaint, and respectfully refers the Court to the statute referenced therein for a complete and accurate statement of its contents.

362.    Paragraph "362" of the Amended Complaint sets forth a conclusion of law for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "362" of the Amended Complaint, and respectfully refers the Court to the statute referenced therein for a complete and accurate statement of its contents.

363.    Denies the allegations set forth in paragraph "363" of the Amended Complaint insofar as it sets forth allegations of fact; insofar as it sets forth legal conclusions, no response is required.

364.     Denies the allegations set forth in paragraph "364" of the Amended Complaint.

365.     Denies the allegations set forth in paragraph "365" of the Amended Complaint and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its contents.

366.     Paragraph "366" of the Amended Complaint sets forth a conclusion of law for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "366" of the Amended Complaint, and respectfully refers the Court to the statute referenced therein for a complete and accurate statement of its contents.

367.     Denies the allegations set forth in paragraph "367" of the Amended Complaint and respectfully refers the Court to the statute referenced therein for a complete and accurate statement of its contents.

368.     Paragraph "368" of the Amended Complaint sets forth a conclusion of law for which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph "368" of the Amended Complaint, and respectfully refers the Court to the statute referenced therein for a complete and accurate statement of its contents.

369.     Denies the allegations set forth in paragraph "369" of the Amended Complaint.

370.     Denies the allegations set forth in paragraph "370" of the Amended Complaint.

371.     Denies the allegations set forth in paragraph "371" of the Amended Complaint.

372.     Denies the allegations set forth in paragraph "372" of the Amended Complaint.

373.     Denies the allegations set forth in paragraph "373" of the Amended Complaint.

374.     Denies the allegations set forth in paragraph "374" of the Amended Complaint.

375.     Denies the allegations set forth in paragraph "375" of the Amended Complaint.

376.     Denies the allegations set forth in paragraph "376" of the Amended Complaint.

377.     Denies the allegations set forth in paragraph "377" of the Amended Complaint.

378.     Denies the allegations set forth in paragraph "378" of the Amended Complaint.

379.     Denies the allegations set forth in paragraph "379" of the Amended Complaint.

380.     Denies the allegations set forth in paragraph "380" of the Amended Complaint.

381.     Denies the allegations set forth in paragraph "381" of the Amended Complaint.

382.     Denies the allegations set forth in paragraph "382" of the Amended Complaint.

383. Denies the allegations set forth in paragraph "383" of the Amended Complaint.

384. Denies the allegations set forth in paragraph "384" of the Amended Complaint.

385. Denies the allegations set forth in paragraph "385" of the Amended Complaint.

386. Denies the allegations set forth in paragraph "386" of the Amended Complaint.

387. Denies the allegations set forth in paragraph "387" of the Amended Complaint.

388. Denies the allegations set forth in paragraph "388" of the Amended Complaint.

389. Denies the allegations set forth in paragraph "389" of the Amended Complaint.

390. Denies the allegations set forth in paragraph "390" of the Amended Complaint, and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions.

<p style="text-align:center;"><u>AS AND FOR A FIRST DEFENSE</u></p>

391. The Amended Complaint fails to state any claim upon which relief may be granted.

<p style="text-align:center;"><u>AS AND FOR A SECOND DEFENSE</u></p>

392. Defendant did not discriminate against Plaintiff on the basis of his religion or on any other basis.

### AS AND FOR A THIRD DEFENSE

393.    All actions taken against Plaintiff were taken for legitimate, non-discriminatory business reasons and were reasonable, proper, lawful, constitutional, made in good faith, and without malice.

### AS AND FOR A FOURTH DEFENSE

394.    At all times relevant to the acts alleged in the Complaint, the conduct of the Defendant was reasonable, lawful, proper, and carried out in conformity with the Constitution, federal laws, laws of the State of New York and the City of New York, and all applicable rules and regulations of the City of New York and FDNY.

### AS AND FOR A FIFTH DEFENSE

395.    Plaintiff's requested accommodation would have caused undue hardship on Defendant and therefore his request for a reasonable accommodation was properly denied.

### AS AND FOR A SIXTH DEFENSE

396.    Plaintiff would not be able to perform the essential requisites of his job with or without an accommodation.

### AS AND FOR A SEVENTH DEFENSE

397.    The damages claimed in the Complaint are barred, in whole or in part, by the failure to mitigate damages, and any damages sustained by Plaintiff were caused by Plaintiff's own negligent or otherwise culpable conduct.

### AS AND FOR AN EIGTH DEFENSE

398.    Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant to its employees or to otherwise avoid harm.

Dated:        New York, New York
March 31, 2026

<div style="margin-left:50%">

**STEVEN BANKS**
Corporation Counsel of the City of New York
Attorney for Defendant
100 Church Street, Second Floor
New York, N.Y. 10007
(212) 356-5031

</div>

By: _____

Jorge A. Estacio
Assistant Corporation Counsel